# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Cynthia Lamah and Daniel Lamah,                          Civil No. 05-1754 (DWF/AJB)

          Plaintiffs,

v.                                                                                    **ORDER**

Department of Homeland Security;
Jane Doe; Richard Roe; Ramsey County
Adult Detention Center; Officers
Richard Roe and Jane Doe; Nurses Richard Roe
and Jane Doe; Michael Chertoff, Secretary for the
Department of Homeland Security; Mark
Cangemi, Interim Director; Scott
Baniecke, Supervisor of Detention and Removal,
Bureau of Immigration and Customs Enforcement;
and Jean Crewson, Interim District Director,
Citizenship and Immigration Services,
Department of Homeland Security,

          Defendants.

---

Gregory S. Bachmeier, Esq., and Phillip F. Fishman, Esq., Fishman Binsfeld & Bachmeier, PA, counsel for Plaintiffs.

James S. Alexander, Assistant United States Attorney, United States Attorney Office, counsel for Defendant.

---

## Introduction

The above-entitled matter is before the undersigned United States District Judge pursuant to

Plaintiffs' Motion for Temporary Restraining Order. Plaintiffs' Complaint asserts causes of action

pursuant to 42 U.S.C. § 1983, various state law claims, and a violation of the Administrative Procedure

Act ("APA"), 5 U.S.C. § 701, *et seq*.  In their Motion, Plaintiffs request that this Court enter a temporary restraining order and preliminary injunction enjoining Defendants from deporting Plaintiff Cynthia Lamah from the United States.  Defendants oppose Plaintiffs' motion.  For the reasons set forth below, Plaintiffs' Motion is respectfully denied.

## Background

Plaintiff Cynthia Lamah is a native and citizen of Cameroon.  From 1997 to 2003, she lived and studied in Germany.  She came to the United States from Germany, on May 2, 2003.  Upon her arrival in Detroit, Michigan, Ms. Lamah presented a valid passport that bore the name of Suriyah Sargo.  Upon questioning, she admitted that she found the passport on a bus in Germany and decided to use it to enter the United States.  Ms. Lamah was five months pregnant when she entered the United States.

Ms. Lamah attempted entry into the United States pursuant to the Visa Waiver Program, 8 U.S.C. § 1187.  She was initially taken into custody and then paroled on May 5, 2003, pending a limited review hearing.  On April 8, 2004, Ms. Lamah applied for asylum, withholding of removal, and Convention Against Torture relief.

It appears from the record that Ms. Lamah was married to Daniel Lamah in Germany on June 26, 2002, and then again in the United States on February 18, 2005.  (A.R. 72.)  Mr. Lamah is an asylee from the Congo.  The couple has one child, Cece Lamah.  Cece Lamah was born in Minneapolis, Minnesota, on October 6, 2003.  Cece Lamah was born with sickle cell anemia.  As a result of this serious condition, Cece Lamah sees doctors at least weekly for care and treatment.  Cece suffers a variety of severe symptoms of the disease.  His doctors have indicated that the life-threatening

and unpredictable complications of the disease make it difficult to find appropriate day care for the

child.  (Memorandum in Support of Motion for Temporary Restraining Order, Ex. B, Part 3.)

On May 13, 2005, Immigration Judge Joseph Dierkes denied Cynthia Lamah's application for

asylum, withholding of removal, and withholding of removal under the Convention Against Torture.

Ms. Lamah did not appeal the Immigration Judge's Order to the Bureau of Immigration Appeals within

the necessary time frame.  8 U.S.C. § 1252(b)(1).

On May 12, 2005, Ms. Lamah filed a request with the Bureau of Immigration and Customs

Enforcement ("BICE") requesting deferred action on her removal to Cameroon.  On July 5, 2005, her

request was denied by BICE.

On June 14, 2005, Ms. Lamah was issued a notice that an order for deportation had been

entered and that she should report for removal on July 5, 2005.  When Ms. Lamah appeared as

required on July 5, 2005, she was taken into custody, and has been in custody ever since.

Plaintiff was more than four months pregnant when she was taken into custody.  On July 12,

2005, while still in custody, she was seen in the emergency room at Regions Hospital because of

vaginal bleeding and abdominal cramping.  The doctors and nurses at Regions Hospital informed Ms.

Lamah that her fetus was healthy and that she should return to Regions Hospital if she developed

vaginal bleeding, increased cramping, or back or abdomen pain.  Ms. Lamah was examined again on

July 14, 2005.  On July 23 and 24, 2005, Ms. Lamah complained to the officers and nurses at Ramsey

County Adult Detention Center of abdominal cramps, vaginal bleeding, back pain, headaches, and

dizziness.  Ms. Lamah's repeated requests for medical care were denied.  According to the Complaint,

Ms. Lamah was told to go to bed and that everything would be fine.  On July 25, 2005, after repeated

3

complaints to the Detention Center staff, Ms. Lamah's water broke and she spontaneously aborted her four-and-a-half month old fetus.

Ms. Lamah sought an emergency stay of removal and an expedited order of supervision from the Department of Homeland Security ("DHS") on August 1, 2005. On August 4, 2005, DHS denied her request without explanation for its decision. On August 8, 2005, Plaintiffs filed their Complaint, alleging the causes of action as stated above. Plaintiffs simultaneously filed their Motion for Temporary Restraining Order or Preliminary Injunction. Although Plaintiffs' Motion asserts that Ms. Lamah would be deported to Cameroon, the Government represented at oral argument on this matter that it intends to deport Ms. Lamah back to Germany.

## Discussion

Plaintiffs contend that the decision to deny Ms. Lamah's stay of removal was arbitrary and capricious because the denial was issued without explanation, the decision failed to consider the applicable law and agency regulations, and the decision runs counter to the evidence. The Government has responded to Plaintiffs' motion by asserting that this Court does not have jurisdiction over Plaintiffs' claims for injunctive relief. Primarily, the Government contends that because Cynthia Lamah entered the United States pursuant to the Visa Waiver Program, she waived any right to request an emergency stay of removal and thus contest her removal order. In addition, the Government asserts that the Court lacks jurisdiction over Ms. Lamah's claim under the APA because judicial review is precluded by 8 U.S.C. § 1252(g) and because the denial of Ms. Lamah's stay of removal was an agency action that was committed to agency discretion by law.

The Visa Waiver Program allows visitors from specified countries to enter the United States for a period of 90 days or less if they possess a round-trip ticket and are determined not to represent a threat to the welfare, health, safety, or security of the United States.  8 U.S.C. § 1187(a).  The Program requires that an alien waive certain rights in order to receive a waiver, as follows:

> (b) Waiver of rights
>
> An alien my not be provided a waiver under the pilot program unless the alien has waived any right–
>
>> (1) to review or appeal under this chapter of an immigration officer's determination as to the admissibility of the alien at the port of entry into the United States, or
>>
>> (2) to contest, other than on the basis of an application for asylum, any action for removal of the alien.

8 U.S.C. § 1187(b).  The Court agrees with the Government that because Ms. Lamah entered the United States pursuant to the Visa Waiver Program, the express waiver provisions of § 1187(b) disallow her request for a stay of removal and release from custody.  *See Nose v. Attorney General*, 993 F.2d 75, 80 (5th Cir. 1993); *Itaeva v. Immigration and Naturalization Service*, 314 F.3d 1238, 1242 (10th Cir. 2003).

In addition, the Court finds that the APA also does not allow a jurisdictional basis for Plaintiffs' requested relief.  Pursuant to 8 U.S.C. § 1252(b)(2), a petition for review of an order of removal "shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."  Section 1252(g) further provides:

> Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien

arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). The Supreme Court has determined that this provision is "clearly designed to give some measure of protection to 'no deferred action' decisions and similar discretionary determinations, providing that if they are reviewable at all, they at least will not be made the bases for separate rounds of judicial intervention outside the streamlined process that Congress has designed." *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). Because the decision to deny Ms. Lamah's requested stay of removal was discretionary and part of a valid order of removal, this Court lacks jurisdiction to review it or to grant Plaintiffs' Motion for injunctive relief.

Moreover, the Court finds that the regulation applicable to administrative stays of removal precludes jurisdiction. The regulatory provisions governing administrative stays of removal provide, in part, as follows:

> Any request of an alien under a final order of deportation or removal for a stay of deportation of removal shall be filed with the district director having jurisdiction over the place where the alien is at the time of filing. The Commissioner, Deputy Commissioner, Executive Associate Commissioner for Field Operations, Deputy Executive Associate Commissioner for Detention and Removal, the Director of the Office of Juvenile Affairs, regional directors, or district director, in his or her discretion and in consideration of the factors listed in 8 CFR 212.5 and section 241(c) of the Act, may grant a stay of removal or deportation for such time and under such conditions as he or she may deem appropriate.

8 C.F.R. § 241.6(a). A denial of a request for a stay of removal is not appealable. 8 C.F.R. § 241.6(b). As such, this Court does not have jurisdiction over Plaintiffs' request for a stay of removal.

Plaintiffs contend that the Court should look to 8 U.S.C. § 1252(f) for jurisdiction, which provides:

> Notwithstanding any other provision of law, no court shall enjoin the removal of any alien pursuant to a final order under this section unless the alien shows by clear and convincing evidence that the entry or execution of such order is prohibited as a matter of law.

8 U.S.C. § 1252(f)(2).  Plaintiffs contend that the decision to deny Ms. Lamah's stay of removal was arbitrary and capricious because it failed to consider all of the factors in 8 C.F.R. § 212.5, and because the decision failed to provide a reason for the denial.[1]  Thus, Plaintiffs assert that the arbitrary and capricious nature of the decision allows the Court jurisdiction under section 1252(f).  The Court respectfully disagrees.  The regulations allow for the district director to consider the parole of aliens within the listed subgroups of 8 C.F.R. § 212.5, but any stay of removal is granted in the discretion of the district director (or other listed official).  8 C.F.R. § 241.6(a).  Because the law allows for such discretion and does not require any written explanation for the decision to deny a stay of removal, the denial is not "prohibited as a matter of law" as Plaintiffs contend.  Thus, the Court does not have jurisdiction pursuant to section 1252(f).

## Conclusion

This is a case where the law and human decency have diverged.  The law clearly does not allow this Court jurisdiction over Plaintiffs' challenge to Ms. Lamah's removal.  However, the Court is left to question the discretionary, heartless decision that was made by bureaucrats who apparently determined that Ms. Lamah's son could easily be taken care of by the child's father, who will be left

---

[1]        Strangely, the Government asserted at oral argument on this matter that it provided a reason for the denial via a response to an inquiry by Senator Mark Dayton.  The Administrative Record details an explanation given to Senator Dayton as to why Ms. Lamah's case was not appropriate for Deferred Action.  (A.R. at 212.)  The internal memorandum on the matter stated, "explained case did not rise to the level of [Deferred Action].  Child has sickle cell & can be cared for by his father."  (*Id.*)

here as a working single parent of a very ill child. These same bureaucrats have not allowed Ms. Lamah's release to mourn the loss of the child that she spontaneously aborted while in detention, awaiting deportation.

Ms. Lamah is a woman who has committed no crime other than attempting to enter this country illegally. She was allowed into the country on the Visa Waiver Program, and then allowed to stay well beyond its prescribed 90-day limit. She has not been deemed a threat to the public health or welfare. Ms. Lamah now will be forced to choose between the lesser of two evils: she can leave her very sick, very young child here with his (albeit caring) immigrant father, who is desperately working to provide for appropriate medical care and insurance for the child and will likely be unable to find appropriate day care; or she can leave the support of her husband and take her child abroad with her, where she is uncertain that he can receive the medical care that he desperately needs. Truly, she is stuck between a rock and a hard place.

This is a sad day for those who believe that when a judge adheres even-handedly to his or her oath of office, justice will prevail and the public interest will be served. To the extent that a civilized and democratic society is judged by the way in which it treats and protects its most vulnerable members, it has failed today.

For the reasons stated, **IT IS HEREBY ORDERED THAT**:

1.      Plaintiffs' Motion for Temporary Restraining Order (Doc. No. 2) is **DENIED.**


Dated:  August 25, 2005                    s/Donovan W. Frank
                                           DONOVAN W. FRANK
                                           Judge of United States District Court